**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Lamont Deangelo Ferebee,

Plaintiff,

v.

Bellagio Hotel and Casino,

Defendant.

Case No. 2:26-cv-01824-CDS-DJA

**Order and Report and Recommendation**

On June 17, 2026, the undersigned magistrate judge denied Plaintiff's application to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee) and gave Plaintiff until July 17, 2026, to either file a renewed application or pay the filing fee. (ECF No. 4). The undersigned also noted that Plaintiff's complaint was unsigned and therefore ordered him to file a signed complaint with any *in forma pauperis* application or filing fee. (*Id.*). In doing so, the undersigned warned Plaintiff that "[f]ailure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed." (*Id.*). Plaintiff missed the July 17, 2026, deadline. So, on October 2, 2026, the undersigned ordered Plaintiff to show cause why his case should not be dismissed without prejudice for his failure to comply with the undersigned's order and for his failure to prosecute this case. (ECF No. 5). The undersigned gave Plaintiff until November 2, 2026, to respond and again warned him that "[f]ailure to timely comply with this order may result in the recommended dismissal of this case."

On October 6, 2026, Plaintiff filed a motion for appointment of counsel. (ECF No. 6). The undersigned informed Plaintiff that his motion was not signed and therefore provided Plaintiff until November 23, 2026, to file a signed version. (ECF No. 7). In doing so, the undersigned informed Plaintiff that "[t]his order does not impact the November 2, 2026, show cause deadline set in ECF No. 5." (*Id.*). Plaintiff filed a signed motion for appointment of

counsel on October 14, 2026. (ECF No. 8). He did not file a response to the undersigned's order to show cause.

**I. Plaintiff's motion for appointment of counsel.**

In his motion for appointment of counsel, Plaintiff explains that he is disabled; a resident of Chicago, Illinois; and a resident of a long-term medical care facility. (ECF No. 8). He adds that his income is limited and he is unable to afford an attorney. (*Id.*). Plaintiff asserts that the responsibility to conduct this case requires more than he can offer. (*Id.*). Plaintiff asks that he be permitted to represent himself, but that the Court assign an attorney to assist him. (*Id.*). Plaintiff also states that he "has filed all paperwork with the proper time that was allotted." (*Id.*).

Plaintiff has not made the requisite showing for appointment of counsel. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

As a preliminary matter, Plaintiff is not proceeding under 28 U.S.C. § 1915 because he has not filed a renewed application to proceed *in forma pauperis* as required. Plaintiff missed the deadline to do so and then failed to timely show cause why he missed that deadline. But even if Plaintiff had paid the filing fee or successfully applied to proceed without paying it, Plaintiff has not shown that exceptional circumstances exist. The Court has not had the opportunity to determine the merits of Plaintiff's case because Plaintiff has not initiated his case by either paying the filing fee or applying to proceed without paying it and has never filed a signed complaint. And Plaintiff has otherwise demonstrated some ability to articulate his claims through his motion for appointment of counsel. While the undersigned is sympathetic to Plaintiff's situation, the undersigned cannot appoint counsel on those circumstances alone. The undersigned therefore denies Plaintiff's motion for appointment of counsel.

**II. Recommendation for dismissal.**

The undersigned further recommends that Plaintiff's case be dismissed without prejudice. Despite filing a motion for appointment of counsel, Plaintiff has neither paid the filing fee, nor applied to proceed without paying the fee, nor filed a signed complaint, nor responded to the undersigned's order to show cause. The undersigned therefore recommends dismissal of this case without prejudice. A dismissal without prejudice allows Plaintiff to refile a case with the Court, under a new case number.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with two Court orders, the undersigned recommends dismissal of Plaintiff's case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR[1] IA 11-8(e) (providing that the Court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on a party who fails to comply with any order); *see Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("an opportunity to be heard does not require an oral or evidentiary hearing on the issue…[t]he opportunity to brief the issue fully satisfies due process requirements"). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to properly initiate this lawsuit impedes this goal. The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to initiate this action or comply with Court orders. The third factor weighs in favor of dismissal because the longer this case is carried on, the more difficult it will be for Defendants to defend against it

[1] This refers to the Local Rules of Practice for the United States District Court, District of Nevada, which can be found on the Court's website at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

because witnesses' memories will fade and evidence may be lost. The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors. Fifth, lesser sanctions are not available if Plaintiff will not comply with Court orders. So, the Court recommends dismissing this case without prejudice.

## ORDER

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 8) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and report and recommendation.

## RECOMMENDATION

**IT IS RECOMMENDED** that this case be **dismissed without prejudice.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: November 16, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE